IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ABDULLAH ALLIE (ALBERT A.) AOSSEY, <br><br> Plaintiff, <br><br> vs. <br><br> ENVIRO CLEAN TECHNOLOGIES, INC., DENNIS SMETZER and DENNIS SPURGETIS, <br><br> Defendants. | No. C 06-86 EJM <br><br> ORDER |

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed June 21, 2007. Briefing concluded on July 23, 2007. Granted in part and denied in part.

Plaintiff initially filed this action on June 8, 2006, in the Iowa District Court for Linn County seeking damages for retaliatory discharge and hostile work environment in violation of 42 USC §1981 and IC §216. Defendants removed the matter to this court on June 27, 2006 pursuant to 28 USC §1441. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiff, a resident of Cedar Rapids, Iowa, alleges he is of Syrian/Lebanese and Arab ethnicity and practices the Muslim religion, and that he was an employee of Enviro Clean Technologies in Hiawatha, Iowa, at all relevant times. Defendants

Smetzer and Spurgetis were President and Vice President, respectively, of Enviro Clean, and plaintiff was the general manager. In Count 1, plaintiff asserts he was the subject of a retaliatory discharge as a result of his engaging in statutorily protected activity in violation of 42 USC §1981. In Counts 2, 3 and 4, he asserts he was the subject of a retaliatory discharge based upon his national origin, religion, and race, respectively, in violation of 42 USC §1981. In Count 5, he asserts he was subjected to a hostile work environment based upon race, national origin, and religion, in violation of 42 USC §1981 and IC §216. In Count 6, he asserts he was the subject of a retaliatory discharge based upon race, national origin, and religion, in violation of IC §216.

Defendants seek summary judgment, asserting that 42 USC §1981 applies only to discrimination based upon race. Specifically, defendants seek dismissal of Count 1 to the extent not based upon race, Counts 2 and 3 in their entirety as not based upon race, and that part of Count 5 based upon §1981 and not based upon race. Additionally, defendants urge that they did not discriminate against plaintiff, and that he was discharged for poor performance. Defendants further assert that plaintiff was hired by the same individuals who discharged him six months later, that they were aware of his race, national origin, and religion at the time of hiring, and therefore no reasonable fact finder could conclude that the firing decision six months later was based upon race, national origin, or religion. Finally, defendant Spurgetis seeks judgment as to any individual liability.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

Plaintiff has neither resisted nor responded to that part of defendants' motion expressly seeking judgment as to parts of Count 1 and 5, and Counts 2 and 3 in their entirety, on the grounds that 42 USC §1981 applies only to claims based upon race discrimination, and as to Spurgetis. Accordingly, the motion shall be granted as unresisted on those grounds. LR 7.1.f.

Upon review of the record in light of the applicable standards, it is the court's view that there exist disputed issues of fact precluding the entry of summary judgment.

It is therefore

ORDERED

1. Granted on all non-race based claims in Counts 1 and 5 raised under 42 USC §1981, on Counts 2 and 3, and as to defendant Spurgetis.

3

2. Denied on all other grounds.

January 29, 2008.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT